CITY OF COLUMBUS, APPELLEE, *v.* HANEY, APPELLANT.

(No. 78AP-595—Decided April 10, 1979.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. James Sika,* for appellee.

*Mr. James D. Shelton,* for appellant.

MOYER, J. This case is before us on an appeal of defendant-appellant, Harry J. Haney, Jr., from a judgment of the Franklin County Municipal Court, which found him guilty of driving while under suspension in violation of Section 2135.07 of the Traffic Code of the city of Columbus.

The stipulated facts are that on February 4, 1975, defendant's employee, Phyllis Fisher, received, by certified mail, a notice from the Ohio Bureau of Motor Vehicles indicating defendant's driver's license would be suspended from February 23, 1975, until August 23, 1975, because he had accumulated at least twelve points within a two-year period. Defendant filed a complaint for a hearing to show cause why his license should not be suspended, and, on March 24, 1975,

a referee of the Franklin County Municipal Court sustained the complaint (petition), to permit defendant to drive to and from work, in the scope of his employment, for six months. The entry also indicated defendant was to pay the cost of the hearing. The entry contained no other order. The stipulated facts further indicate that defendant's driver's license was not taken from him by any public official.

Although the exhibits include a copy of a letter from the points section of the Bureau of Motor Vehicles, advising defendant of his limited or probationary driving status and that he be required to file proof of financial responsibility and be examined pursuant to R. C. 4507.41, no return receipt, indicating said notice was received by defendant, is in evidence, nor are there any documents indicating defendant was reexamined or that he posted proof of financial responsibility subsequent to the court's entry.

On March 13, 1978, defendant was stopped on I-70 for speeding. Defendant gave the arresting officer his driver's license, upon request, which license carried an expiration date of February 20, 1979. When the LEADS check was conducted, the officer learned that defendant had a 12-point suspension and that he was to be reexamined and file proof of financial responsibility. Defendant was charged with driving under suspension of license.

Defendant presents one assignment of error:

"Appellant's assignment of error is that the trial court erred in finding the Appellant guilty of violating Columbus City Code Section 2135.97 [sic] which prohibits driving with a suspended driver's license, for the reason that the Appellant received no notice of his suspension and hence the Bureau's attempt to suspend his license was ineffective and could not serve as the basis for a conviction under the above statute."

R. C. 4507.40, at the time in question, provided, in pertinent part, as follows:

"(K) When, upon determination of the registrar, any person has charged against him a total of not less than twelve points within a period of two years from the date of the first conviction within said two-year period, or a total of not less than twenty-four points within a period of ten years from the date of the first conviction within said ten-year period, the

registrar shall notify such person by registered mail to the licensee's last known address, that his driver's license shall be suspended effective on the twentieth day after mailing the notice unless the licensee files a petition in the municipal court or the county court, or in case such person is under the age of eighteen years to the juvenile court, in whose jurisdiction such person resides, agreeing to pay the cost of the proceedings and alleging that the licensee can show cause why his driving privileges should not be suspended for a period of time determined as follows***."

R. C. 4507.41, at the time in question, provided, as follows:

"Any person whose license or permit is suspended, or who is put on probation or granted limited or occupational driving, under section 4507.40 of the Revised Code, is not eligible to retain his license, or to have his license returned, until he has been examined in the manner provided for in section 4507.20 of the Revised Code, and has been found by the registrar to be qualified to operate a motor vehicle, and until such time that he gives and maintains proof of financial responsibility, in accordance with section 4509.45 of the Revised Code."

The single issue in this case is not whether the Bureau of Motor Vehicles or the city of Columbus was required to give defendant actual or constructive notice of his duties as a prerequisite to obtaining full driving privileges following a suspension. Neither R. C. 4507.40 nor R. C. 4507.41 requires the Bureau of Motor Vehicles or the city of Columbus to give a suspended licensee any notice of the requirements of R. C. 4507.41, where the suspension of the license followed a show-cause hearing as provided by R. C. 4507.40. While the case of *State* v. *Foreman* (1978), 54 Ohio Misc. 31, cited by defendant, is an adequate review of the law with respect to the notice required to inform a driver that his license has been suspended, the case before us does not pose that question.

The basis for the charge against defendant is that his driver's license was suspended by R. C. 4507.41. That section, however, does not purport to effect a suspension of a license. Rather, the section places a duty upon *public officials,* not upon the licensee, to take and retain the license until certain conditions are met. In short, R. C. 4507.41 neither suspended

his license, nor placed any affirmative duty upon defendant. Rather, said section placed a duty upon public officials to take and retain defendant's license until he had given proof of financial responsibility and had been found by the registrar to be qualified to operate a motor vehicle.

The issue of defendant's 12-point suspension was determined upon his appeal of that suspension, to which the registrar was a party. Inasmuch as he was permitted to retain his license at the conclusion of that hearing, it must be presumed that both requirements of R. C. 4507.41 were met at that time. Otherwise, defendant's license presumably would have been taken from him at the conclusion of that hearing.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.